1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9 | MILTON KEITH SANDERS,

CASE NO. 1:10-cv–01757-LJO-BAM PC

10 |                           Plaintiff,

ORDER DISMISSING COMPLAINT, WITH
LEAVE TO AMEND, FOR FAILURE TO

11 |       v.

STATE A CLAIM

12 | SGT. SMITHZ, et al.,

(ECF No. 1)

13 |                           Defendants.

THIRTY-DAY DEADLINE

14 | _____ /

15 | **I.      Screening Requirement**

16 |         Plaintiff Milton Keith Sanders is a state prisoner proceeding pro se and in forma pauperis in

17 | this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is the complaint,

18 | filed September 24, 2010.  (ECF No. 1.)

19 |         The Court is required to screen complaints brought by prisoners seeking relief against a

20 | governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

21 | Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

22 | "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

23 | monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

24 |         In determining whether a complaint states a claim, the Court looks to the pleading standard

25 | under Federal Rule of Civil Procedure 8(a).  Under Rule 8(a), a complaint must contain "a short and

26 | plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

27 | "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it

28 | demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v.

1

1  Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.

2  544, 555, 127 S. Ct. 1955 (2007)).

3  **II.      Discussion**

4          Plaintiff is in the custody of the California Department of Corrections and Rehabilitation and

5  is currently incarcerated at the Sierra Conservation Center.  Plaintiff alleges that, while he was

6  housed at the California Correctional Institution ("CCI"), Tehachapi, there were no fire sprinklers

7  or warning labels on the asbestos around the plumbing and the ventilation vents were clogged with

8  dust.  On September 6, 2010, Plaintiff, as well as the other 137 inmates housed in the gym were

9  subject to a strip search in the presence of female correctional officers in violation of the Eighth

10  Amendment.  Plaintiff is seeking monetary damages and injunctive relief.

11          Under section 1983, Plaintiff must demonstrate that each defendant personally participated

12  in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires

13  the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct.

14  at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  "[A] complaint [that]

15  pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line

16  between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting

17  Twombly, 550 U.S. at 557).  Further, although a court must accept as true all factual allegations

18  contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129

19  S. Ct. at 1949.  "Threadbare recitals of the elements of a cause of action, supported by mere

20  conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

21          Plaintiff has not alleged facts to link any defendant to any act that would violate his

22  constitutional rights and has failed to state a cognizable claim.  Plaintiff shall be given the

23  opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

24  In the paragraphs that follow, the Court will provide Plaintiff with the legal standards that appear to

25  apply to his claims. Plaintiff should carefully review the standards and amend only those claims that

26  he believes, in good faith, are cognizable.

27  ///

28  ///

1    **III.    Legal Standards**

2        **A.    Deliberate Indifference to Conditions of Confinement**

3        Liability under section 1983 exists where a defendant "acting under the color of law" has

4    deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

5    v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment

6    the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and

7    make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's

8    health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

9        Deliberate indifference requires a showing that "prison officials were aware of a "substantial

10    risk of serious harm" to an inmates health or safety and that there was no "reasonable justification

11    for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844

12    (1994)). The circumstances, nature, and duration of the deprivations are critical in determining

13    whether the conditions complained of are grave enough to form the basis of a viable Eighth

14    Amendment claim." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

15        **B.    Grievance Process**

16        To the extent that Plaintiff is attempting to state a claim based upon the failure to process

17    inmate appeals, a prisoner has a right to meaningful access to the court which extends to established

18    grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995). However, there is no

19    liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855

20    F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). Plaintiff does

21    not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v.

22    Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

23        **C.    Strip Search**

24        Prisoners, despite their conviction and confinement, do not forfeit all constitutional rights.

25    Bell v. Wolfish, 441 U.S. 520, 545 (1979). Nevertheless, prisoners' constitutional rights are subject

26    to substantial limitations and restrictions in order to allow prison officials to achieve legitimate

27    correctional goals and maintain institutional security. O'Lone v. Estate of Shabazz, 482 U.S. 342,

28    348 (1987); Bell, 441 U.S. at 546-47.

1    While inmates have a right to be free from unreasonable search and seizures, the

2   reasonableness of a particular search must be considered in the prison context.  Michenfelder v.

3   Sumner, 860 F.2d 328, 332 (9th Cir. 1988).  In determining whether a search is reasonable under the

4   Fourth Amendment the court considers the scope of the intrusion, the manner in which the search

5   was conducted, the justification for initiating the search, and the place where the search was

6   conducted.  Byrd v. Maricopa County Sheriff's Dept., 629 F.3d 1135, 1141 (9th Cir. 2011) (quoting

7   Bell 441 U.S. at 559).  "[P]risoners' legitimate expectations of bodily privacy from persons of the

8   opposite sex are extremely limited."  Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993).

9        **D.      Immunity**

10      "The Eleventh Amendment bars suits for money damages in federal court against a state

11   [and] its agencies . . ."  Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007),

12   "regardless of the relief sought, unless the state unequivocally consents to a waiver of its immunity,"

13   Yakama Indian Nation v. State of Washington, 176 F.3d 1241, 1245 (9th Cir. 1999); see also

14   Seminole Tribe of Fla. v. Florida, 116 S. Ct. 1114, 1122 (1996).  The Department of Prisons is a

15   state agency entitled to Eleventh Amendment Immunity.  Taylor v. List, 880 F.2d 1040, 1045 (9th

16   Cir. 1989).  Plaintiff may not bring suit against the California Department of Corrections and

17   Rehabilitation.

18      **E.      Injunctive Relief**

19      The Prison Litigation Reform Act places limitations on injunctive relief.   Section

20   3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison

21   conditions shall extend no further than necessary to correct the violation of the Federal right of a

22   particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

23   the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

24   violation of the Federal right, and is the least intrusive means necessary to correct the violation of

25   the Federal right."  18 U.S.C. § 3626(a)(1)(A).

26      Additionally, when an inmate seeks injunctive or declaratory relief concerning the prison

27   where he is incarcerated, his claims for such relief become moot when he is no longer subjected to

28   those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365,

4

1  1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).  Since Plaintiff is no

2  longer housed at CCI the injunctive relief he is seeking is moot and this action is limited to seeking

3  monetary damages.

4       **F.**     **Rule 18**

5       Further, Plaintiff may not pursue multiple, unrelated claims in this action.  Pursuant to the

6  Federal Rules of Civil Procedure, [a] party asserting a claim, counterclaim, crossclaim, or third-party

7  claim may join, as independent or alternate claims, as many claims as it has against an opposing

8  party."  Fed. R. Civ. P. 18(a).  "Thus multiple claims against a single party are fine, but Claim A

9  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated

10  claims against different defendants belong in different suits, not only to prevent the sort of morass

11  [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the

12  required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or

13  appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g)."

14  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff will not be permitted to proceed with

15  a "mishmash of a complaint," id., and is cautioned that if his amended complaint fails to comply

16  with Rule 18(a), the Court will choose which claims will proceed and will dismiss out all unrelated

17  claims.

18  **VI.**     **Conclusion and Order**

19       For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for

20  a violation of his constitutional rights.  Plaintiff is granted leave to file an amended complaint within

21  thirty days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the

22  nature of this suit by adding new, unrelated claims in his amended complaint.  George v. Smith, 507

23  F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

24       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

25  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

26  Iqbal, 129 S. Ct. at 1948-49.  "The inquiry into causation must be individualized and focus on the

27  duties and responsibilities of each individual defendant whose acts or omissions are alleged to have

28  caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although

1   accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

2   speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

3          Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,

4   114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must

5   be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  "All

6   causes of action alleged in an original complaint which are not alleged in an amended complaint are

7   waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th

8   Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

9          Based on the foregoing, it is HEREBY ORDERED that:

10      1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

11      2.      Plaintiff's complaint, filed September 24, 2010, is dismissed for failure to state a

12              claim upon which relief may be granted under section 1983;

13      3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an

14              amended complaint; and

15      4.      If Plaintiff fails to file an amended complaint in compliance with this order, this

16              action will be dismissed, with prejudice, for failure to state a claim.

17      IT IS SO ORDERED.

18   **Dated:    November 30, 2011**                      **/s/ Barbara A. McAuliffe**
                                                          UNITED STATES MAGISTRATE JUDGE

6